Place of hearing: FCI Ray Brook, New York        Docket number: 8:23-MJ-118 (GLF)

Date: March 2, 2023    Prisoner Register No: 24599-081    DOJ#: 236539-03-4-4279-F

## VERIFICATION OF CONSENT TO TRANSFER TO CANADA
## FOR EXECUTION OF PENAL SENTENCE OF THE UNITED STATES OF AMERICA

I, **Patrick Goddard,** having been duly sworn by a verifying officer appointed under the laws of the United States of America, certify that I understand and agree, in consenting to transfer to Canada for the execution of the penal sentence imposed on me by a court of the United States, or a state thereof, that:

1. My conviction or sentence can only be modified or set aside through appropriate proceedings brought by me or on my behalf in the United States of America;

2. My sentence will be carried out according to the laws of Canada;

3. If a court of Canada should determine upon a proceeding brought by me or on my behalf that my transfer was not accomplished in accordance with the treaty or laws of Canada, I may be returned to the United States of America for the purpose of completing my sentence if the United States of America requests my return; and,

4. Once my consent to transfer is verified by the verifying officer, I may not revoke that consent.

I have been advised of my right to consult with counsel, and have been afforded the opportunity for such consultation prior to giving my consent to transfer. I have been advised that if I am financially unable to obtain counsel, one would be appointed for me under the laws of the United States of America free of charge. My consent to transfer is wholly voluntary and not the result of any promises, threats, coercion, or other improper inducements. I hereby consent to my transfer to Canada for the execution of the penal sentence imposed on me by a court of the United States of America, or a state thereof.

_____
Signature of transferring prisoner

Subscribed before me this 2nd day of March 2023. Based on the proceedings conducted before me, I find that the above consent was knowingly and understandingly given and is wholly voluntary and not the result of any promises, threats, coercion or other improper inducements.

_____
Verifying Officer

Gary L. Favro, U.S. Magistrate Judge, N.D.N.Y
Print name and office

 **Correctional Service Canada**    **Service correctionnel Canada**

| | Your file | Votre référence |
|---|---|---|
2022-10-11 | Our file | Notre référence |
| | 1820-3-GODDARD, Patrick | |

Natalie Grayer, Acting Associate Director
International Prisoner Transfer Unit
Office of International Affairs
Criminal Division
United States Department of Justice
1301 NEW YORK AVE NW, 10th FLOOR
WASHINGTON DC  20530
USA

Dear Ms. Grayer:

**RE: GODDARD, Patrick, Reg. No. 24599-081
FCI Elkton, Lisbon, Ohio
Request for Transfer to Canada**

After careful consideration, the Minister of Public Safety, the Honourable Marco Mendicino, has approved the transfer from the United States of Mr. Goddard, incarcerated at the Federal Correctional Institution in Lisbon, Ohio, pursuant to the *Convention on the Transfer of Sentenced Persons*.

Thank you for your cooperation in this matter.

Sincerely,

*[signature: J Lafontaine]*  Digitally signed by Lafontaine, Johanne
Date: 2022.10.11 05:37:18 -04'00'

Johanne Lafontaine
A/Manager, Transfers Unit
Correctional Service of Canada
340 LAURIER AVE W
OTTAWA ON  K1A 0P9
CANADA
Tel.: 613-947-9708
E-mail: internationaltransfers@csc-scc.gc.ca

c.c.:  Consular Section
The Consulate General of Canada
Detroit, Michigan

Canada



**U.S. Department of Justice**

Criminal Division

---

Office of International Affairs

Washington, D.C. 20530

March 9, 2022

Dan Kunic, Director
Population Management and Transfers Division
Security Branch
Correctional Service of Canada
340 Laurier Avenue West
Ottawa, Ontario K1A 0P9
Canada

Re: Patrick Warren Elder Goddard, Reg. No. 24599-081
Aka: Patrick L Goddard
Approval of Request to Transfer to Canada
Under the COE Convention on the Transfer of Sentenced Persons

Dear Mr. Kunic:

This is to notify you that on February 28, 2022, the United States approved the request for transfer to Canada of the above-named Canadian national, who is currently incarcerated at the Elkton Federal Correctional Institution, Lisbon, Ohio. The application was forwarded to you on August 23, 2018. Enclosed please find a case summary addendum.

Sincerely,

Vaughn A. Ary
Director

*Natalie Y. Grayer/by LCW*

By: Natalie Y. Grayer
Acting Associate Director

Enclosure

cc (without enclosure):

Hélène Bouchard, Embassy of Canada, Washington, D.C.
Jamey Koehn, Federal Bureau of Prisons, Washington, D.C.
Patrick L. Goddard



U.S. Department of Justice

Criminal Division

Office of International Affairs                     Washington, D.C. 20530

## CERTIFIED CASE SUMMARY ADDENDUM

Name:                                               Register no.: **24599-081**
**Patrick Warren Elder Goddard**
Date: March 1, 2022                                 DOJ#: **CRM-236539-03-4-4279-F**

## PERSONAL DATA

**4. PLACE OF IMPRISONMENT**: Elkton Federal Correctional Institution

**8. PLACE OF BIRTH**: Ontario, Canada

## SENTENCE DATA SUMMARY

**6. DESCRIPTION OF CURRENT OFFENSE**: The record does not indicate that Patrick Goddard is affiliated with a drug cartel or gang. There were no weapons seized from him and he was arrested without incident.

**9. DETAINERS OR PENDING CHARGES**: An immigration detainer was lodged on 4/19/2018.

**10. STATUTORY GOOD TIME/GOOD CONDUCT TIME EARNED**: 270 days.

**12. PROJECTED RELEASE DATE**: 1/15/2026. Please note that the "Projected Release Date" is only relevant if the prisoner remains in the United States. It reflects the date that the prisoner might be released if he remains in the United States and he earns all possible good conduct time credit. Federal prisoners may earn up to 54 days of good conduct time each year. If a prisoner has had good conduct, the 54 days will be credited as "earned" only after the anniversary date of the time in custody has passed. If the prisoner transfers, he stops earning good conduct time credit and the calculation of the sentence will be according to the laws of the country administering the sentence and, in all likelihood, the actual release date will be different from the projected release date.

## SOCIAL DATA

(No corrections)

BP-A0964
AUG 11

**U.S. Case Summary** CDFRM

U.S. DEPARTMENT OF JUSTICE                              FEDERAL BUREAU OF PRISONS

**PERSONAL DATA**

| | |
|---|---|
| 1. Committed Name: GODDARD, Patrick L | |
| 2. Birth Name: GODDARD, Patrick Warren Elder | |
| 3. Federal Register Number: 24599-081 | |
| 4. Current Place of Imprisonment: FCI La Tuna | |
| 5. Security Level: Low | |
| 6. Height: 6 00 | Weight: 230 |
| 7. Date of Birth: 06/11/1992 | |
| 8. Place of Birth: Canada | |
| 9. Nationality: N/A | |
| 10. Citizenship: Canada | |
| 11. Marital Status/Children: Patrick L. Goddard has two siblings Jonathon and Zacary who reside with his parents. His parents resided in Waterdown, Ontario. He advised he has never been married nor fathered any children. | |
| 12. Emergency Contact Person, relationship and location: Janet Elder Goddard, mother, 6156 Brian Blvd., Waterdown, L8R OC9 Canada (905) 690-3217 | |

**SENTENCE DATA SUMMARY**

| | |
|---|---|
| 1. Sentence: 135 months LIFE supervised release | |
| 2. Date Sentence Imposed: January 31, 2018 | |
| 3. Sentencing District: District of Utah | |
| 4. Criminal Docket Number: DUTX 1:14CR00060-001 DB | |
| 5. Current Offense: Distribution of Child Pornography; Extortion. | |
| 6. Description of Current Offense: On January 17, 2014, when the Layton Police Department was contacted by M.M., a 14-year-old minor. The minor reported that she was being sexually harassed and exploited through Facebook. The minor stated she began receiving messages from "Megan Rogers" on Facebook sometime between November 1, and November 28, 2013. The messages from the Facebook account were compliments on her physical appearance and were requests to exchange sexually suggestive and provocative photos. Megan sent M.M. nude photos, including fully nude close-ups. She asked M.M to send her nude or semi-nude photos of herself in return. One of the minor's friends, 15-year old I.N. was also contacted by Megan Rogers on Facebook and they began communicating using Facebook messenger and Snapchat. On December 11, 2013, M.M. and I.N. took photographs of themselves wearing only their bras and panties, and then sent the images to Megan.rogers.908579@facebook.com. After sending the photos, M.M. was contacted by Megan Rogers via text message. Megan demanded nude photographs of M.M., threatening to post the previously sent photos | |

Page 1 of 3

on M.M.'s Facebook or the Facebook accounts of her family and friends. M.M. said she tried to plead with Megan Rogers for two hours but was coerced into taking nude photos of herself. Some photos depicted her wearing only panties and exposing her unclothed breasts, and others depicted her standing in front of a mirror showing her exposed vagina and breasts. M.M. sent these to Megan Rogers through Snapchat. She asked Megan to leave her alone after she sent the pictures and she did not hear from Megan for a few months. M.M. was contacted by Megan Rogers again in January of 2014. On January 15, 2014, Megan posted the sexually explicit images of M.M. on Facebook, tagging her in the photos. M.M. reported the images of Facebook who removed them from the internet site. M.M. said she was not aware that Snapchat messages could be saved with a screenshot. According to M.M., Megan Rogers was a 17 to 18-year-old female who lived in Los Angeles, California. A forensic examination of M.M.'s phone revealed that within the group of images sent to Megan Rogers via Snapchat was an image of I.N. exposing her breast. A child pornography image of M.M. displayed on the Facebook posting was also found during the forensic search of the cell phone. A court order was sent to Facebook who responded that the Facebook account was primarily being accessed from IP address 24.141.182.105. This IP address was utilized by Canadian Internet Service Provider, Cogeco. On August 25, 2014, the Ontario Provincial Police, Child Sexual Exploitation Unit, was contacted regarding this investigation and obtained a court order for the subscriber information. The internet service provider identified the home address of defendant Patrick Goddard. On September 3, 2014, officers executed a search warrant at the defendant's home and took him into custody. During a search of the home, an ipod, cell phone and computer were located and taken for forensic examination. The content of the devices showed that Patrick Goddard had created a fictitious Facebook account under the identity of Megan Rogers. In a skype chat between Goddard and two other individuals Mr. Goddard admitted he was in control of a false Facebook account and used it to gain nude images of girls. A search of the devices revealed that there were additional minor victims who had been enticed and extorted by him. Goddard transmitted child pornography and he received images of child pornography after threatening the minors.

| | |
|---|---|
| 7. **Fine/Assessment/Restitution:** Assessment $200.00; Fine $0.00; Restitution $0.00 | |
| 8. **Prior Record:** (List history of prior convictions, including charge, date of charge, and sentence.) | |
| 9. **Detainers or Pending Charges:** None | |
| 10. **Statutory Good Time/Good Conduct Time Earned:** ___54___ days. (Compute number of days earned using the application date.) | |
| 11. **Meritorious Good Time Earned:** ___0___ days. (Compute number of days earned using the application date.) | |
| 12. **Projected Release Date:** 04-03-2026 | |
| 13. **Full Term Date:** 09-14-2027 | |
| 14. **Credited with** ___594___ **Days of Total Prior Credit Time.** | |

**SOCIAL DATA**

| | |
|---|---|
| 1. **Psychological Evaluation:** GOOD | |
| 2. **Level of Education Achieved:** Goddard graduated from Waterdown High School in Waterdown, Ontario, Canada in June 2010. | |

| |
|---|
| He indicated his grades were good and he graduated with honors. The defendant then took one year off before enrolling in Mohawk College in Hamilton, Ontario. He completed a college diploma (U.S. equivalent of an associate's degree) in Health, Wellness, and Fitness in 2014. |
| 3. Employment Prior to Incarceration: |
| From 2010 to 2011, and also from May to August 2013, Goddard was employed at Automodular Corporation in Oakville, Canada, in automotive assembly. This company assembles engine blocks and struts for shipping to Ford Motor Company. He earned $16 per hour to start and was paid $21.50 per hour when he left for a job at Ford Motor Company. |
| 4. History of Substance Abuse: alcohol or drugs?<br>    No: ( )<br>    Yes:( X )<br>    *If yes, specify substance(s):*<br>    Goddard indicated he experimented with marijuana three times in high school. The drug did not have an effect on him. While in high school, he consumed alcohol to excess. Goddard said he drank to intoxication every weekend. Prior to his arrest, he consumed alcohol on a social basis. He said he had not abused alcohol in several years. |
| 5. Current Medical Condition: |
| Goddard is currently listed as regular duty status with no medical restrictions. There are no mental health limitations noted. |
| 6. Institution Work Experience: |
| Goddard currently holds the institutional work assignment of Unit Orderly. |
| 7. Type and Number of Incident Reports Received: |
| Goddard has maintained clear conduct up to this date. |
| 8. Program Participation: |
| Goddard is currently participating in the following program: ESL. |

Prepared By:

_____ J. Esquivel/(915) 791-9000, ext. 157    JUL 2 5 2018
Case Manager/Phone Number                                        Date

Reviewed By:

_____ A. Montes/(915) 791-9000, ext. 154     JUL 2 5 2018
Unit Manager/Phone Number                                        Date

PDF                         Prescribed by P5140

AO 245B (Rev. 09/17) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT
District of Utah

| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
| --- | --- | --- |
| v. | ) | |
| Patrick L. Goddard | ) | Case Number: DUTX 1:14CR00060-001 DB |
| | ) | USM Number: 24599-081 |
| | ) | Ronald J. Yengich |
| | ) | Defendant's Attorney |

**THE DEFENDANT:**

☑ pleaded guilty to count(s)  3 & 4 - Indictment

☐ pleaded nolo contendere to count(s) ⎯⎯
which was accepted by the court.

☐ was found guilty on count(s) ⎯⎯
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
| --- | --- | --- | --- |
| 18 USC § 2252(A)(a)(2) | Distribution of Child Pornography | | 3 |
| 18 USC § 865(d) | Extortion | | 4 |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) ⎯⎯

☑ Count(s)  1-2 & 5   ☑ is   ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

1/31/2018
Date of Imposition of Judgment

*/s/ Dee Benson*
Signature of Judge

Dee Benson, U.S. District Judge
Name and Title of Judge

1/31/2018
Date

AO 245B (Rev. 09/17) Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page  2  of  7

DEFENDANT: Patrick L. Goddard
CASE NUMBER: DUTX 1:14CR00060-001 DB

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:

135 months. The defendant shall receive credit for the time served as of June 17, 2016.

☑ The court makes the following recommendations to the Bureau of Prisons:

The Court strongly recommends that the defendant serve his time in Canada under the United States and Canada treaty for transfer of offenders. The Court also strongly recommends that the defendant completes the sex offender program.

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____ .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 09/17) Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page __3__ of __7__

DEFENDANT: Patrick L. Goddard
CASE NUMBER: DUTX 1:14CR00060-001 DB

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of: LIFE

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☑ You must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (Rev. 09/17) Judgment in a Criminal Case
Sheet 3A — Supervised Release

Judgment—Page __4__ of __7__

DEFENDANT: Patrick L. Goddard
CASE NUMBER: DUTX 1:14CR00060-001 DB

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.
14. You must submit your person, residence, office or vehicle to search, conducted by the probation office at a reasonable time and in a reasonable manner based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; you must warn any other residents that the premises may be subject to searches pursuant to this condition

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____   Date _____

Case 1:14-cr-00060-DB   Document 42   Filed 02/0[?]   Page 5 of 7

AO 245B(Rev. 09/17) Judgment in a Criminal Case
Sheet 3D — Supervised Release

Judgment—Page  5  of  7

DEFENDANT: Patrick L. Goddard
CASE NUMBER: DUTX 1:14CR00060-001 DB

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall not illegally reenter the United States. If the defendant returns to the United States during the period of supervision, or is not deported, he is instructed to contact the U.S. Probation Office in the District of Utah within 72 hours of arrival in the United States, or release from custody.

Case 1:14-cr-060-DB   Document 42   Filed 02/01   Page 6 of 7

AO 245B (Rev. 09/17) Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

Judgment — Page 6 of 7

DEFENDANT: Patrick L. Goddard
CASE NUMBER: DUTX 1:14CR00060-001 DB

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | JVTA Assessment* | Fine | Restitution |
|---|---|---|---|---|
| TOTALS | $ 200.00 | $ | $ | $ |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| TOTALS | $ 0.00 | $ 0.00 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   ☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

   ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: Patrick L. Goddard  
CASE NUMBER: DUTX 1:14CR00060-001 DB

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A  ☑  Lump sum payment of $ __200.00__ due immediately, balance due

    ☐  not later than _____ , or  
    ☐  in accordance with  ☐ C,  ☐ D,  ☐ E, or  ☐ F below; or

B  ☐  Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

C  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☐  Special instructions regarding the payment of criminal monetary penalties:

    NO FINE IS IMPOSED. SAP $200.00

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

    Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.